OPINION OF THE COURT
Elizabeth W. Pine, J.
The instant case is before the court on plaintiffs’ motions for a protective order pursuant to CPLR 3103 and for an order striking interrogatories pursuant to CPLR 3133. Defendant the American Insurance Company (American) cross-moves for sanctions pursuant to CPLR 3126.
This action arises out of the construction of a residential rental housing project in Rochester, New York, known as Charlotte Lake River Houses (project). Plaintiff Charlotte Lake River Associates is a New York limited partnership, and plaintiff Genesee River Houses Corporation is a Delaware
*1012 corporation and a general partner in Charlotte. Plaintiffs’ complaint asserts five causes of action: first, against defendant American for recovery under a surety bond furnished in connection with the construction contract; second, against defendant American and Union Commerce Bank for recovery under an indemnification agreement; third, against the architect of the project for malpractice; fourth, for negligence and breach of contract, against contractors, subcontractors and materialmen involved in the construction of the project; and fifth, for declaratory judgment with respect to plaintiffs’ asserted "right of withhold” concerning a promissory note given American by plaintiffs.
On or before November 21, 1977, defendant American served upon plaintiffs a set of 38 interrogatories, initially allowing plaintiffs until December 21, 1977 to answer.
It is evident, from the record before the court, that plaintiffs made no attempt to apprise American’s counsel of any of plaintiffs’ objections to American’s interrogatories, or to attempt to reach agreement concerning any of these objections. Plaintiffs instead filed two motions stating separate objections to 17 of American’s 38 interrogatories, and to one segment of the general instructions. Plaintiffs declined to answer any portion of the 21 remaining interrogatories.
Noteworthy but not surprising is the fact that, once plaintiffs communicated their objections to American — albeit indirectly, by way of motion to this court — 5 of the least substantial of plaintiffs’ 17 objections were resolved between the parties. The vast majority of plaintiffs’ remaining objections to defendant’s interrogatories, if not as insubstantial as the five already resolved without the intervention of this court, could easily be resolved, without prejudice to the parties, merely by rewording on the parties’ consent.[1] The court shares the view of Weinstein-Korn-Miller that "[i]n the interest of *1013 judicial efficiency, the courts should encourage and, indeed, insist that the parties attempt to compromise on the objectionable interrogatories before bringing the matter to the court for settlement. * * * New York courts have the power and discretion, under CPLR 3103, to require such action on the part of counsel — action which attorneys should take in any event”. (3A Weinstein-Korn-Miller, NY Civ Prac, par 3133.01.) Accordingly — plaintiffs’ counsel not yet having conferred with defendant American’s counsel for the purpose of resolving any of plaintiffs’ objections, and plaintiffs still not having answered any of the interrogatories[2] — the court declines to grant the broad relief requested by plaintiffs. Moreover, such relief would be likely only to encumber defendant and the court with further unnecessarily burdensome motions against the redrawn interrogatories.
The court therefore denies plaintiffs’ motion to strike (CPLR 3133) without prejudice to renewal as provided in this decision, and grants plaintiffs’ motion for a protective order (CPLR 3103) only to the extent that, within 20 days after service of the order herein, American is directed to serve upon plaintiffs a set of interrogatories consisting of its original interrogatories as modified by any agreement reached between the parties; the court, pursuant to CPLR 2001, orders that the original interrogatories be deemed so corrected nunc pro tunc.
Plaintiffs are granted leave to renew, within 10 days after service of American’s corrected interrogatories, their motions for a protective order and for an order striking interrogatories. The motions may be addressed solely to American’s interrogatories 1, 2, 4, 5(f), 5(h), 6(f), 6(h), 7, 12, 14(d), 14(e), 18, 23(d), 23(e), 26(e) and 28, as well as to the portion of the general instructions to which plaintiffs originally objected, and may be made only on condition that plaintiffs’ counsel shows by affidavit or affirmation that he has conferred with opposing counsel in good faith in an effort to resolve by agreement the issues raised in plaintiffs’ original motions with respect to each interrogatory and general instruction to which objection is made, and has been unable to reach such agreement.
Subject to this right to move against the corrected interrogatories, plaintiffs are directed to answer, within 30 days after *1014 service of the corrected interrogatories, each interrogatory and each subdivision of each interrogatory to which plaintiffs do not object.
The motion of American for sanctions pursuant to CPLR 3126 is denied without prejudice to renewal within 45 days after service of the corrected interrogatories. The stay of the deposition scheduled to be held on January 18 and 19, 1978 continues in effect pending further order. (CPLR 2201.)
Costs of $20 to American (CPLR 8202), together with the reasonable and necessary expenses of plaintiffs’ motions and of defendant’s cross motion (CPLR 8301).

. The court notes that rule 9(f) of the Rules of the United States District Courts for the Southern and Eastern Districts of New York provides: "No motion [or exception under rules 26 through 37 inclusive of the Rules of Civil Procedure] * * * shall be heard unless counsel for the moving party files with the court at or prior to the argument an affidavit certifying that he has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such agreement. If part of the issues raised by the motion have been resolved by agreement the affidavit shall specify the issues so resolved and the issues remaining unresolved.” The rule is sound, and the practice eminently worthy of adoption in our State courts.

. Neither plaintiffs nor defendant American has cited any decision bearing upon the issue of whether plaintiffs’ motion to strike a segment of the general instructions contained in the interrogatories entitled plaintiffs to fail to answer the interrogatories to which plaintiffs did not otherwise state a legally colorable objection.